# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
January 23, 2013 Session

## TERRY SUZANNE ADKISON CHAMBERS v. FRANK C. CHAMBERS

### Direct Appeal from the Chancery Court for Fayette County
No. 14,751     Martha B. Brasfield, Chancellor

---

### No. W2012-00068-COA-R3-CV - Filed January 31, 2013

---

Husband appeals the trial court's award of alimony and partial attorney's fees to Wife in this divorce action. Finding no abuse of discretion on the part of the trial court, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Frank Deslauriers, Covington, Tennessee, for the appellant, Frank C. Chambers.

Richard G. Rosser, Somerville, Tennessee, for the appellee, Terry Suzanne Adkison Chambers.

### MEMORANDUM OPINION[1]

Plaintiff/Appellee Terry Suzanne Adkison Chambers ("Wife") and Defendant/Appellant Frank C. Chambers ("Husband") were married in 1987. No children were born of the marriage, and the parties are both now in their mid-50s. Wife filed a complaint for divorce in June 2008, and  grounds eventually were stipulated. Following

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

contentious proceedings, the trial court entered a final decree of divorce on November 8, 2010. In the final decree, the trial court divided the parties' property, awarded Wife alimony *in futuro* in the amount of $700 per month, and ordered Husband to pay $4,000 of Wife's attorney's fees. On December 6, 2010, Husband filed a motion to reconsider. Following a hearing on February 24, 2011, the trial court denied Husband's motion by order entered March 14, 2011. On June 1, 2011, Husband filed a motion for relief from the trial court's March 14 order. In his motion, Husband asserted that, although counsel had approved the order for entry, he did not receive the order until April 14, 2011, after the time for filing a timely appeal had passed. Husband further asserted that the trial court's March 14 order did not contain a certificate of service. On December 1, 2011, the trial court entered an order granting Husband's petition for relief from its order denying Husband's motion to reconsider. In its order, the trial court found that it had failed to serve a filed copy of its March 14 order on Husband, and ordered that its December 1, 2011, order would "supplement" the March 14 order. Husband filed a notice of appeal to this Court on December 20, 2011. We granted several motions for extensions of time filed by the parties and the trial court clerk, and oral argument of the matter was on January 23, 2013. For the reasons stated herein, we affirm the judgment of the trial court.

### *Issues Presented*

Husband presents the following issues for our review:

(1)     Did the trial court err by awarding Wife alimony *in futuro* in the amount of $700 per month.

(2)     Did the trial court err by ordering Husband to pay $4,000 towards Wife's attorney's fees.

Wife raises the additional issues of whether the trial court erred by failing to award her all of her attorney's fees, by failing to impose sanctions on Husband, and by failing to divide the parties' property equitably.

### *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness, and will not reverse those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). Insofar as the trial court's determinations are based on its assessment of witness credibility, we will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial

court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

## *Discussion*

We turn first to Wife's assertion that the trial court erred by failing to divide the parties' property equitably. Rule 7 of the Court of Appeals provides:

> (a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

> (b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

> (c) If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief, or in a reply brief if the issue was raised by opposing counsel after counsel filed his or her initial brief, a similar table containing counsel's version of the facts.

We have held that the failure to comply with Rule 7 of the Court of Appeals waives issues relating to the requirements of the Rule. *E.g., Butcher v. Butcher*, No. W2011–01808–COA–R3CV, 2012 WL 2107977, at *2 (Tenn. Ct. App. June 12, 2012); *Forbess v. Forbess*, No. W2011–01105–COA–R3–CV, 2011 WL 6153607, at *6 (Tenn. Ct. App. Dec. 9, 2011), *perm. app. denied* (Tenn. Apr. 12, 2012). This Court has no duty to search a trial court record to discern the valuation of the couple's property. We previously have found issues involving the valuation and division of property to be waived for failure to comply with Rule 7. *Id.* (citation omitted). We have opined that a table in compliance with Rule 7 is vital to our consideration of issues involving the division of property. *Id.* (citations omitted). We accordingly find issues with respect to the trial court's division of

-3-

the parties' property are waived in this case.

We turn next to Husband's assertion that the trial court erred by awarding Wife alimony *in futuro* in the amount of $700 per month. Husband contends that the trial court erred by awarding Wife alimony *in futuro* and not rehabilitative alimony. He additionally contends that the trial court erred by finding that alimony is needed by Wife.

A trial court has wide latitude in making an award of alimony. *Owens v. Owens*, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007). An alimony award depends on the circumstances of each case, and need of the recipient spouse and the obligor spouse's ability to pay are primary considerations. *Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001). When determining the type and amount of alimony to be awarded, the trial court must balance several statutory factors, including those enumerated in section 36–5–121 of the Tennessee Code. Although there is a preference for rehabilitative alimony, the type and amount of an alimony award remain largely within the discretion of the trial court. *Id.* at 470. On appeal, we will not alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id.*

Upon review of the record, we find no abuse of discretion on the part of the trial court with respect to its award of alimony. It is undisputed in this case that Wife worked as a cosmetologist until 1993; has not worked since 1993; and was declared disabled by the Social Security Administration in 1996. Her disability income in the net amount of $912 per month is her only source of income. Husband admitted to adultery. He is employed by R&L Carriers and, in 2009, his income was $64,410.56. The trial court found that Husband's income has increased each year, from $54,561.64 in 2007 to $64,410.56 in 2009.

The trial court made numerous, detailed findings in the November 2010 decree of divorce. The trial court found that the parties' marriage of 22 years was "difficult and unpleasant for both parties," and the parties' briefs fully support this finding. The trial court found that Wife is in need of alimony and, in fashioning its award, specifically noted the disparity in the parties' income. The trial court awarded Wife the parties' rental property on Mott Street in Arlington, and found that, although Wife resided with friends during the pendency of this matter, Wife would incur utility bills, taxes, insurance and maintenance expenses following the divorce, in addition to costs associated with prescription medication, food, and gas. The trial court also found that it was undisputed that wife's lump-sum social security disability check in the amount of approximately $15,000 was used to pay off the mortgage on the Mott Street property, which was classified as marital property in the division of property. The trial court awarded the parties' marital residence to Husband, and found that Husband's expenses associated with his lot on the Tennessee River and a camper-trailer which had burned during the pendency of the matter had decreased. The trial court further

-4-

found that costs associated with the Mott Street property would no longer be Husband's expenses, but would now by incurred by Wife. The trial court also found that Husband enjoyed access to services such as Direct TV and internet services not enjoyed by Wife. We affirm the trial court's award of alimony *in futuro* in the amount of $700 per month to Wife.

We turn next to Husband's assertion that the trial court erred in awarding Wife attorney's fees in the amount of $4,000, and to Wife's assertion that the trial court erred in not awarding her the entirety of her attorney's fees in the amount of approximately $20,500. The decision to award attorney's fees as an award of alimony *in solido* lies within the discretion of the trial court, and we will not reverse the award absent an abuse of discretion. *E.g., Fickle v. Fickle*, 287 S.W.3d 723, 737 (Tenn. Ct. App.2008). In the November 2010 decree of divorce, the trial court found that Husband had failed to follow the court's orders with respect to allowing Wife to retrieve her property from the marital residence, necessitating several additional hearings. In light of the totality of the record, we cannot say the trial court abused its discretion by awarding Wife attorney's fees in the amount of $4,000.

We turn finally to Wife's assertion that the trial court erred by failing to impose sanctions on Husband. In her brief, Wife references us to no motion for sanctions filed in the trial court, but argues that the trial court failed to "properly sanction" Husband for failing "to obey the orders of the court." In the argument portion of her brief on the issue of sanctions, Wife asserts that the trial court's award of $4,000 of attorney's fees "seems inequitable" and that the trial court "should have issued a greater sanction not only to require the Defendant to obey its orders but also to compensate the Plaintiff for the costs she incurred to force the Defendant to obey the [c]ourts orders." Wife's argument, as we perceive it, is that the trial court erred by not imposing sanctions on Husband in the form of a larger award of attorney's fees. As discussed above, an award of attorney's fees in a divorce proceeding is an award of alimony *in solido* and is within the discretion of the trial court. We discern no error on the part of the trial court.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Wife's request for attorney's fees on appeal is denied. The matter is remanded to the trial court for enforcement of the judgment and the collection of costs. Costs on appeal are taxed to the Appellant, Frank C. Chambers, and his surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE